IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kelman Limited,<br><br>    Plaintiff,<br><br>vs.<br><br>Jerry King, Yvonne Taylor, and Vigilant Power Technologies Inc.,<br><br>    Defendants. | Civil Action No.  6:07-CV-401-GRA<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Kelman Limited's ("Kelman") motion for a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65. In addition, Defendants have jointly filed a motion to disqualify counsel for Plaintiff on the grounds of conflict of interest.

The Court heard argument on Wednesday, February 14, and Friday, February 16, 2007, to address the motions. All parties were represented by counsel.

After reviewing the briefs of the parties and hearing the arguments of counsel, the Court concludes that it is appropriate to grant Plaintiff's motion and to issue a temporary restraining order against the Defendants Jerry King ("King"), Vigilant Power Technologies, Inc. ("VPT") and Yvonne Taylor ("Taylor"). The Court chooses to hold in abeyance any ruling on Plaintiff's motion for preliminary injunction until such time as the motion is ripe. Further, the Defendants' Amended Motion for Disqualification is denied.

1

Dockets.Justia.com

## FACTUAL BACKGROUND

Plaintiff Kelman is a high-tech company based at Lisburn, County Antrim, Northern Ireland. It is engaged in the manufacture of products for use in the electricity supply industry. The function of these products is to monitor and analyze gases and to diagnose faults within electrical transformers. This company has pioneered new technologies in the industry.

Defendant King, an American, was employed by Kelman between approximately January 2004 and April 2006, during which time he assisted in the development of a number of product ranges.

King signed a Confidentiality and Non-Disclosure Agreement ("Agreement"). As part of this Agreement, King acknowledged that trade secrets relating to the business of Kelman would remain confidential and the property of Kelman. He also agreed that, if challenged, he would bear the burden of proving that any product ideas he developed, promoted, or sold following his departure from Kelman were those of his own invention and not the property of Kelman.

Plaintiff alleges that King and his co-defendants have been attempting to develop, promote and sell products virtually identical to those offered by Kelman since King's departure. Proceedings related to these allegations were held in Northern Ireland. The Court finds Defendants were properly notified of the proceedings in Northern Ireland and elected not to participate.

Defendants intended to appear at an upcoming trade show where, on information and belief, they planned to promote or offer for sale products incorporating Kelman's confidential and proprietary technologies. The trade show,

called the Doble 2007 5th Annual "Life of a Transformer Seminar" ("Doble Seminar"), was scheduled to take place in Orlando, Florida, starting February 19, 2007.

This Court finds that Plaintiff may suffer irreparable harm if Defendants are permitted to develop, promote and sell their products and that such loss cannot be compensated with money damages. This Court further finds that Plaintiff has established a need for immediate relief, and that Plaintiff has demonstrated a likelihood of success on the merits of its claims.

IT IS ORDERED THAT:

1. The Defendants be restrained from using, releasing, or disclosing, whether by themselves or their servants or agents, directly or indirectly, on their own or in conjunction with any other party whomsoever, any and all inventions, trade secrets, and confidential information relating to the business of the Plaintiff, acquired, learned, or developed by Defendant Jerry King or to which he had access during the course of his employment with the Plaintiff including, but not limited to:

   A. The customer lists of the Plaintiff;

   B. All information relating to the design, operation, function, manufacture, testing, supply, costing, performance, servicing, installation, marketing and concept of the Transfix and Transport-X Product Ranges ("the Products"), together with any software related to the operation and analysis of the product;.

2. The Defendants be restrained from:

    A.    using, releasing, or disclosing, whether by themselves, or through servants or agents, directly or indirectly, on their own or in conjunction with any other party whomsoever, the Plaintiff's confidential information, or

    B.    selling, promoting, marketing, distributing, or otherwise dealing in products identified by Defendant Vigilant Power Technologies Inc. in both sales brochures and on its website and described as:

    I.    Gryphon Seven Gas +;

    II.    Gryphon Four Gas +;

    III.    Gryphon Acetylene Alert +; and

    IV.    Gryphon H2 Alert +.

3.    That Defendants King and Taylor immediately return to Plaintiff any and all possessions and property of the Plaintiff in their possession, or any copies thereof, including, but not limited to:

    A.    A laptop computer together with all external accessories, hardware, software, and all files contained thereon;

    B.    Tools;

    C.    Modems and all other communication devices; and

    D.    Any and all components or spare parts for the above Products.

4.    That the Defendants immediately return to the Plaintiff any and all documents in their possession, custody, or control of whatsover nature or form, including electronic, within the following categories:

A. All design documents relating to all variants of the Products, including mechanical, electrical, electronic software, and conceptual details.

B. All minutes of discussions relating to the Products.

C. All drawings relating to the Products.

D. All copies of software/firmware relating to the Products.

E. All documents relating to the manufacture and testing of the Products.

F. All documents and information relating to the suppliers and costs for the Products.

G. All documents related to the internal testing of the Products.

H. All documents related to the third-party testing of the Products.

I. All documents related to the field testing of the Products.

J. All documents related to the servicing and installation of the Products.

K. All documents related to the location, operation, and performance of the Products in the field.

L. All copies of any software related to the design, manufacture, testing, installation, and operation of the Products.

M. All copies of any software related to the analysis of the data provided by the Products.

N. All copies of any software related to the communications between the Products.

5

  O. All documents containing information generated using third-party software to be used with the Products.

  P. All communications with customers or potential customers for the Products or with any other Kelman customer.

  Q. All documentation containing information relating to the location, communication, connection and equipment settings of the Products.

  R. All documents relating to the current or future marketing plans of Kelman.

  S. All documents or manuals relating to the design, manufacture, testing, installation, or operation of the Products.

  T. All documents containing communications either within Kelman or between Kelman and other third parties.

5. This Order specifically prohibits Defendants from promoting these products on its website or by any other means of communication until such time, if ever, as this Order is lifted.

In granting this Order, the Court fixes the bond amount at $100,000.00 to be paid by Plaintiff. Further, this Court denies Defendants' motion to disqualify Nexsen Pruet Adams Kleemeier LLC as counsel for Kelman Limited as the Court finds that no attorney/client relationship existed between Defendant King and counsel for Plaintiff.

Therefore, Plaintiff's Motion for a Temporary Restraining Order is hereby GRANTED. Defendants' Motion to Disqualify is hereby DENIED.

6

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 27, 2007
Anderson, South Carolina