UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kelman Limited, ) | C/A No.: 6:07-cv-401-GRA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | (Written Opinion) |
| v. ) | |
| ) | |
| Jerry King, Yvonne Taylor, and Vigilant ) | |
| Power Technologies, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before this Court are motions of Plaintiff, Kelman Limited ("Kelman"), for orders of summary judgment against all Defendants pursuant to Fed. R. Civ. P. 56(a), making permanent a temporary injunction now in place. One motion seeks summary judgment against the corporate Defendant, Vigilant Power Technologies, Inc. ("VPT"), on the grounds that it cannot go forward without representation by counsel. A second motion seeks summary judgment against all Defendants. This Order resolves both motions.

The Court heard argument on these motions on Thursday, January 3, 2008. Despite proper notice, no Defendant appeared at the hearing.

After reviewing the briefs of Plaintiff and hearing the arguments of counsel, the Court concludes that it is appropriate to grant Plaintiff's motions for summary judgment and grant a permanent injunction against all Defendants.

Kelman filed the instant motion on the grounds that Defendants, through their collective failure to identify an expert and failure to respond to discovery requests, including Request for Admissions, cannot establish a defense. Kelman asserts that Defendant Jerry King ("King") signed a Confidentiality and Non-Disclosure Agreement ("Confidentiality Agreement") with Kelman, supported by valuable consideration, under

1

which he agreed that it would be his burden to prove that any invention with which he was involved after his departure from the company was not the property of Kelman. Kelman asserts that King cannot show, as is his obligation, that the technology Defendants are, or have been, developing and marketing through VPT is original. They cannot establish, through clear and convincing evidence, that this technology is not the property of Kelman and that it has not been misappropriated.

Further, counsel for Defendants was relieved by order of this Court dated June 18, 2007. No other attorney has made an appearance on behalf of any Defendant.

Viewing all the evidence in the light most favorable to Defendants, this Court agrees with Plaintiff and concludes that an order of summary judgment, making permanent the injunction, is appropriate.

## **PROCEDURAL HISTORY**

Plaintiff filed this action on February 8, 2007, seeking a declaratory judgment against Defendants prohibiting them from the development and/or marketing, or other misappropriation, of technology belonging to Kelman.

Contemporaneously, Plaintiff sought a temporary restraining order imposing these same limitations on Defendants until a final adjudication of the issues took place. This motion was granted and entered on February 27, 2007. The order prohibited Defendants from "using, releasing, or disclosing, whether by themselves or their servants or agents, directly or indirectly, on their own or in conjunction with any other party whomsoever, any and all inventions, trade secrets, and confidential information relating to the business of the Plaintiff, acquired, learned, or developed by Defendant Jerry King ("King") or to which he had access during the course of his employment with the Plaintiff."

Subsequently, counsel for Defendants withdrew from the case and Defendants were given 60 days to identify substitute counsel. Defendants failed to do so. The deadline for discovery has lapsed and Defendants have neither issued discovery

2

requests, named an expert, nor timely answered any of Plaintiff's discovery requests.

On November 23, 2007, following the filing of Plaintiff's motions for summary judgment, King submitted to this Court an e-mail opposing summary judgment and purporting to respond, improperly and late, to Kelman's Request for Admissions.

### **FINDINGS OF FACT**

Kelman is a high-tech company based in Lisburn, County Antrim, Northern Ireland. It is engaged in the manufacture of products for use in the electricity supply industry. The function of these products is to monitor and analyze gases, as well as to diagnose faults, within electrical transformers. The company has pioneered new technologies, as more fully described in the Motion for Temporary Restraining Order and the Order entered granting that motion.

Defendant King was employed by Kelman from approximately January 2004 to April 2006, during which time he assisted in the development of a number of products, including the Transfix and Transport-X. King signed the Confidentiality Agreement in February 2006. At about the same time, King signed a Termination Agreement expressly stating that the debt he owed to the company would be forgiven as consideration for the Confidentiality Agreement. King asserts that the Confidentiality Agreement was obtained under duress, but this Court finds that he has submitted no admissible or credible evidence to that effect. King also asserts that he has never before seen the Termination Agreement, though it bears his signature and said signature matches the signature on the Confidentiality Agreement, which he has authenticated.

By the terms of the Confidentiality Agreement, King agreed, *inter alia*, that all confidential information, competitive information, and trade secrets relating to the business of Kelman would remain confidential and the property of Kelman. The Confidentiality Agreement also states:

> Additionally, [King] agrees that, within a period of two years after termination of the contract any Invention within the

> scope of this paragraph shall be presumed to have been made during the term of the contract of service, and that the Employee shall have the burden of clearly and convincingly establishing otherwise.

Since King's departure from Kelman, he has been involved in the development and promotion of VPT, which was conceived by him prior to his employment with Kelman. The name "VPT" was chosen by King and VPT's website was registered months before King went to work for Kelman. VPT was a South Carolina corporation, with its offices located in Greenville, South Carolina. It was dissolved in October 2007. Its president, chief operating officer, and agent for service of process is Defendant Yvonne Taylor ("Taylor"), a citizen and resident of Greenville, South Carolina. The Court finds that King was an officer or at least an agent of VPT, and that he is or was using trade secret and confidential information obtained while in the employ of Kelman to compete with Kelman. Upon the filing of this lawsuit, VPT's website (www.vp-tek.com) stated that VPT, in competition with Kelman, appeared in late August 2006 at a trade show in Paris, France, to promote itself.

Upon receipt of information that King was competing with Kelman, the company also discovered e-mail communications between King and Taylor and a Kelman employee in China, Johnny Zhang, regarding a new venture.

Kelman petitioned for, and obtained, an interim judgment against the three Defendants in the instant case through proceedings in the High Court of Justice in Northern Ireland, Chancery Division ("High Court"). The High Court's judgment has not been set aside or challenged.

Defendants have admitted, through their failure to respond to Plaintiff's Request for Admissions, the following facts:

- King was involved with, and became aware of, information that was confidential and/or proprietary to Kelman during his employment with Kelman.
- The Confidentiality Agreement is authentic.
- King signed the Confidentiality Agreement.

- King, upon his departure from employment with Kelman, was indebted to the company in the amount of approximately £9,751.15 for an unpaid loan, personal travel expenses, and payment for unworked time.

## STANDARD OF REVIEW

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." *See Signal v. Gonzales*, 430 F. Supp. 2d 528, 537 (D.S.C. 2006) (citing Fed. R. Civ. P. 56(c)). "The judge is not to weigh the evidence but rather to determine if there is a genuine issue for trial." *Stevens v. Del Webb Communities, Inc.,* 456 F. Supp. 2d 698, 705-06 (D.S.C. 2006) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Summary judgment is appropriate where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* (citations omitted). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## CONCLUSIONS OF LAW

Plaintiff is entitled to an Order of Summary Judgment, and to the entry of a permanent injunction against Defendants, because there is no material fact at issue. *Signal*, 430 F. Supp. 2d at 537.

First and foremost, this matter has already been adjudicated by a court of competent jurisdiction. The High Court found that these Defendants have wrongfully obtained and used proprietary and confidential technology belonging to Kelman. That court issued an interim injunction against Defendants in the instant case.

5

In addition, by failing to timely respond to Kelman's Request for Admissions, Defendants have admitted that the Confidentiality Agreement entered into between King and Kelman is authentic. They have admitted that the signature on the Confidentiality Agreement is that of King. They have admitted King owed Kelman £9,751.15 upon his departure from Kelman. Further, they have admitted that the forgiveness of that debt was the consideration for the promises King made in the Confidentiality Agreement. Accordingly, the Confidentiality Agreement is enforceable.

In the Confidentiality Agreement, King agreed not to disclose or use any intellectual property made or conceived by him during his employment with Kelman. He also agreed that, for a period of two years after the termination of his employment with Kelman, any inventions used by him would be presumed to be the property of Kelman. The Court finds that King bears this burden.

Defendants have not and cannot produce admissible evidence that the technology being developed and promoted by Defendants does not, in fact, belong to Kelman. While, ordinarily, the burden in a civil action is on the plaintiff, in this case the Court finds that King is contractually obligated to carry the burden of establishing that Defendants' technology is original. Yet, Defendants have produced no admissible evidence or testimony supporting their position that the technology they are, or were, promoting was not the property of Kelman. King communicated with the Court by e-mail on November 23, 2007 and again on December 28, 2007. Otherwise Defendants have utterly failed to participate in this litigation.

Defendants have neither issued discovery requests nor have they responded to Kelman's requests. Defendants have named no expert witness. Any comparison of the technologies would require expert testimony as it would have to be based on "scientific, technical or other specialized knowledge . . . ." Fed. R. Evid. 701; *In re Air Crash at Charlotte, N.C. July 2, 1994,* 982 F. Supp. 1086 (D.S.C. 1997*).*

6

Having failed to name an expert, or to timely present any evidence whatsoever, Defendants have no basis to even refute the allegations of misappropriation, much less establish, through clear and convincing evidence, that the technology is not the property of Kelman.

In any case, VPT cannot go forward without representation by counsel and is, therefore, in default.  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993).

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Summary Judgement is GRANTED.

IT IS FURTHER ORDERED that the Court's Order, issued on February 27, 2007, is hereby converted into a permanent injunction.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January 25, 2008
Anderson, South Carolina