UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kelman Limited, | ) | C/A No.: 6:07-cv-401-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Jerry King, Yvonne Taylor, and Vigilant Power Technologies, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Before this Court is a motion for sanctions submitted by Plaintiff, Kelman Limited ("Kelman"), on the grounds that Defendants defied the temporary restraining order issued by this Court by promoting certain products on their corporate internet website for many months after the Temporary Restraining Order was issued, and on the grounds that Defendants have posted on their corporate website language that is disparaging, and perhaps defamatory, of Plaintiff and that could be construed as disparaging of the Court.

      This Court has decided to grant the motion and to impose sanctions. However, in its determination of the sanctions to be levied, this Court orders Defendants to produce, for inspection, any business records related to the business of Vigilant Power Technologies, Inc. ("VPT") or any other entity operated, in whole or in part, by either Jerry King or Yvonne Taylor that seeks to develop, produce or promote products

1

competitive with Kelman's products, or products similar to those previously promoted on the VPT website.

Business records subject to this order include those retained in any medium whatsoever, including, but not limited to, paper documents as well as electronically stored information. Such documents shall include, but not be limited to the following:

All design documents of the VPT systems;

Bank records;

Quotations issued to customers or potential customers;

Correspondence with customers or potential customers;

Purchase orders received;

Delivery documentation;

Shipping documentation;

Invoicing information;

Any other documentation relating to goods purchased and an accounting of whether any systems have been produced; and

Documentation of payments advanced to any Defendant prior to delivery of goods to customers.

Therefore, it is the decision of this Court that all such business records, in whatever form they exist (to include paper, electronic or other media) shall be made available for Plaintiff's review at a place and time to be agreed upon by the parties. It is further ordered that, barring legitimate cause for necessary delay, such review take place no later than 30 days from the date of this Order.

It shall be the right of Plaintiff to copy, at its own expense, any such materials. Should Defendants fail to communicate with Plaintiff, fail to make such materials available within the prescribed time, or fail to fully comply with the Order of Production, Defendants shall be found in contempt of court and subject to such other and further sanctions to be determined by this Court, up to and including seizure of the records and appropriate fines.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 7, 2008